IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| PHILIP NIMOITYN | BANKRUPTCY NO. 20-14467(MDC) |
| Debtor | |
| CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of PHILIP NIMOITYN | |
| Plaintiff | |
| v. | ADVERSARY NO. 21- |
| HILLARY NIMOITYN | |
| Defendant | |

**COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7
TRUSTEE, TO AVOID AND RECOVER FRAUDULENT
TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 550**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee" and "Plaintiff") for the estate of Philip Nimoityn (the "Debtor"), by and through her counsel, Karalis PC, hereby brings this Complaint against Hillary Nimoityn (the "Defendant"), and in support thereof, respectfully avers as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 544 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover a fraudulent transfer made to the Defendant.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157 and 1334. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

3. Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. The Court has personal jurisdiction over the Defendant pursuant to Fed. R. Bankr. P. 7004 and because the Defendant transacted and did business with the Debtor prior to the Petition Date (as defined hereinafter).

## PARTIES

5. The Plaintiff is the duly qualified and acting Chapter 7 Trustee in this bankruptcy proceeding.

6. The Defendant is an individual residing at 255 North Ithan Avenue, Bryn Mawr, PA 19010. The Defendant is the Debtor's wife.

## STATEMENT OF FACTS

### A. Procedural Background

7. On November 17, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

8. On November 19, 2020, the Trustee was appointed which appointment remains in effect.

### B. Residential Real Property purchased by the Debtor for his Wife.

9. On or about January 14, 2014, the Debtor purchased residential real property located at 255 North Ithan Avenue, Bryn Mawr, PA 19010 (the "Property") for the sum of

approximately $1,490,000.00.

10. Title to the Property was placed in the name of the Defendant (the "Transfer").

11. The Debtor testified under oath at his 11 U.S.C. § 341(a) meeting of creditors (the "341(a) Meeting") that he paid cash for the Property.

## C.  Obligations owed by the Debtor to the Internal Revenue Service.

12. The Debtor's Schedule E/F reflects tax obligations owed by the Debtor to the Internal Revenue Service (the "IRS").

13. Specifically, the Debtor's Schedule E/F/ reflects secured tax liens in favor of the IRS in the aggregate amount of $591,979.26.

14. The Debtor testified under oath at the 341(a) Meeting that he also owes unsecured debt to the IRS.

## COUNT I

## To Avoid Actual Fraudulent Transfer Pursuant to 11 U.S.C. § 544

15. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 14 hereof as if fully set forth herein at length.

16. A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1). In pertinent part, this statutory provision states:

> **(b)(1)** . . . the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title . . .

See, 11 U.S.C. § 544(b)(1).

17. The requisite state law theory that the Plaintiff seeks to apply in this action to avoid

the actual fraud incurred is § 5104 of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA"), which reads, in relevant part, as follows:

> (a) General rule. – A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay or defraud any creditor of the debtor . . .
>
> (b) Certain factors. – In determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether:
> (1) the transfer or obligation was to an insider;
> (2) the debtor retained possession or control of the property transferred after the transfer;
> (3) the transfer or obligation was disclosed or concealed;
> (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
> (5) the transfer was of substantially all the debtor's assets;
> (6) the debtor absconded;
> (7) the debtor removed or concealed assets;
> (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
> (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
> (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
> (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor . . .

See, 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

18. In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

19. In this action, a review of the present set of facts shows that the fraudulent transfer claim being pursued by the Plaintiff occurred within the applicable time-limitation period.

20. As set forth herein, the Debtor owes secured and unsecured tax obligations to the IRS and thus the IRS was a creditor of the Debtor as of the Petition Date.

4

21. The IRS has at least a ten-year lookback period (the "Lookback Period") for state law fraudulent transfer claims, *see* 26 U.S.C. §§ 6501, 6502, and its rights supersede any statute of limitations under state law. *See, e.g., U.S. v. Summerlin*, 310 U.S. 414, 416 (1940); *In re Polichuk*, 506 B.R. 405, 419 (Bankr. E.D. Pa. 2014).

22. The Transfer asserted herein clearly occurred within the Lookback Period.

23. As already stated, a review of the present set of facts clearly and convincingly demonstrates that the Debtor made the Transfer to the Defendant.

24. Specifically, a review of the present set of facts clearly and convincingly demonstrates that the Transfer constituted a transfer of an interest of the Debtor in property.

25. This being so, the Plaintiff believes and therefore avers that the Debtor made the Transfer to the Defendant with actual intent to hinder, delay or defraud his creditors in accordance with 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

26. The Plaintiff believes and therefore avers that the actual intent of the Debtor to hinder, delay or defraud his creditors is clearly and convincingly demonstrated by the following facts and circumstances identified below:

    (a)    The Debtor received no reasonably equivalent value for the Transfer;

    (b)    The Transfer was made to the Defendant who is an insider;

    (c)    The Transfer occurred when the Debtor was having financial difficulties;

    (d)    The Debtor retained possession of the Property;

    (e)    The Transfer was substantially all of the Debtor's assets; and

    (f)    The Transfer occurred at a time when the Debtor was insolvent or likely to become insolvent as a result of the

Transfer.

27. In short, the Plaintiff believes and therefore avers that the Debtor intended, believed, or reasonably should have believed that by making the Transfer to the Defendant he would be unable to meet his obligations to his creditors.

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant in accordance with 11 U.S.C. § 544(b)(1) and 12 Pa. C.S.A. §§ 5104(a)(1) and (b) as follows:

(a) Declaring that the Transfer be set aside and declared void;

(b) Recovering, for the benefit of the Debtor's estate, the Transfer or its value in accordance with 11 U.S.C. § 550(a);

(c) Preserving the voided transfer for the benefit of the Debtor's estate under 11 U.S.C. § 551;

(d) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(e) Granting such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### To Avoid Constructive Fraudulent Transfer Pursuant to 11 U.S.C. § 544

28. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 27 hereof as if fully set forth herein at length.

29. A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1). One of the state law theories that the Plaintiff seeks to apply in this action to avoid the constructive fraud incurred is § 5104 of the PUVTA:

(a) General rule. — A transfer made or obligation incurred by a debtor is

fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

. . .

(2)  without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
  (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
  (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due . . .

See, 12 Pa. C.S.A. § 5104(a)(2).

30. The other state law theory that the Plaintiff seeks to apply in this action is found at § 5105 of the PUVTA. In pertinent part, it provides as follows:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation . . .

See, 12 Pa. C.S.A. § 5105.

31. In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

32. In this action, a review of the present set of facts shows that the fraudulent transfer claim being pursued by the Plaintiff occurred within the Lookback Period.

33. As already stated, a review of the present set of facts affirmatively demonstrates that the Debtor made the Transfer to the Defendant.

34. Specifically, a review of the present set of facts affirmatively demonstrates that the Transfer constituted a transfer of an interest of the Debtor in property.

7

35. The IRS was a creditor at the time of the Transfer and as of the Petition Date.

36. This being so, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor was insolvent, or likely to become insolvent as a result of the transfer.

37. In like manner, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor was engaged in, or about to be engaged in, a business or a transaction for which his remaining assets were unreasonably small capital.

38. At the same time, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor would incur debts beyond his ability to pay.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant pursuant to 11 U.S.C. § 544(b)(1) and 12 Pa. C.S.A. §§ 5104(a)(2) and 5105 as follows:

(a) Declaring that the Transfer be set aside and declared void;

(b) Recovering, for the benefit of the Debtor's estate, the Transfer or its value in accordance with 11 U.S.C. § 550(a);

(c) Preserving the voided transfer for the benefit of the Debtor's estate under 11 U.S.C. § 551;

(d) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(e) Granting such other relief as this Honorable Court deems just and appropriate.

**Respectfully submitted,**

**KARALIS PC**

By:    /s/ Robert W. Seitzer
      ROBERT W. SEITZER
      1900 Spruce Street
      Philadelphia, PA 19103
      (215) 546-4500
      rseitzer@karalislaw.com

*Attorneys for the Plaintiff/Trustee*

Dated: February 1, 2021